CORNING and others, Appellants, vs. HOYT and another, Defendants, HOYT and others, Garnishees, etc., Respondents.

*February 4 — March 1, 1887.*

*Garnishment: Service on principal defendant.*

*Winner v. Hoyt, ante,* p. 278, followed.

APPEAL from the County Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that January 28, 1886, and after the plaintiffs had commenced an action in the county court for Milwaukee county against the defendants, *E. S. Hoyt* and Wesley Kinney, one of the garnishees, *Frank M. Hoyt,* served upon the plaintiffs' attorneys notice of retainer by and appearance for said defendants in said action; that such proceedings were had therein that February 9, 1886, the plaintiffs obtained judgment against said defendants therein for $972.92 damages and costs; that the same was docketed on that day; that May 15, 1886, an *alias* execution was issued on said judgment; that on the same day garnishee summons and affidavit were duly served upon each of the several garnishees; that May 18, 1886, they were personally served upon Wesley Kinney and on the same day an attempt was made by the sheriff to serve the same upon *E. S. Hoyt;* that June 4, 1886, the garnishee *Alice McLeod* answered, denying that she was indebted to the defendants or had possession of any of their property; that June 24, 1886, the plaintiffs took issue with such answer of the garnishee; that June 24, 1886, the plaintiffs were ordered to show cause why the garnishee summons and affidavit should not be vacated and set aside for want of service of the same upon *E. S. Hoyt* within ten days after the service thereof upon the garnishees; that December 4,

1886, it was ordered by the court, in effect, (1) that the plaintiffs' application to file an amended or supplemental return be denied; (2) that the motion of *E. S. Hoyt*, and of the garnishees, to dismiss the garnishee proceedings be granted, and the same was thereby dismissed. From that order the plaintiffs appeal.

For the appellants there was a brief by *Finches, Lynde & Miller* and *E. P. Smith*, and oral argument by *F. W. Cotzhausen*.

For the respondents there was a brief by *E. Mariner* and *Frank M. Hoyt*, attorneys for the garnishees, and *Johnson, Rietbrock & Halsey*, attorneys for *E. S. Hoyt*, and the cause was argued orally by *Mr. Johnson* and *Mr. Mariner*. To the point that the garnishee proceeding is statutory and anomalous, and that all statutory requirements not purely directory are jurisdictional, they cited *Gibbon v. Bryan*, 3 Ill. App. 298; *Railroad Co. v. Todd*, 11 Heisk. 539; *Greene v. Tripp*, 11 R. I. 424; *Smith v. McCutchen*, 38 Mo. 415; *Ford v. Dry Dock Co.* 50 Mich. 358; *McDonald v. Vinette*, 58 Wis. 619; *Wells v. Am. Exp. Co.* 55 id. 23.

CASSODAY, J. We assume, for the purposes of this case, that the attempt to serve the garnishee summons and affidavit upon *E. S. Hoyt* was a failure. But they were duly served upon the other defendant, Wesley Kinney. They were also duly served upon *Frank M. Hoyt*, who had appeared in the original action twelve days before the entry of judgment. For the reasons given in the opinion filed herewith in the case of *Winner v. Hoyt, ante*, p. 278, we must hold that the court had jurisdiction of the property and credits in the hands of the garnishees, and that the notice given was sufficient to prevent the service on the garnishees from becoming void and of no effect from the beginning.

*By the Court.*— The order of the county court appealed from in this action is reversed, and the cause is remanded for further proceedings according to law.

*Garnishment: Service on principal defendant.*

*Winner v. Hoyt, ante,* p. 278, followed.